**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO:

| |
|---|
| **RYAN DENVER,**<br>          **Plaintiff,**<br><br>**v.**<br><br>**MARKEL CORPORATION, MARKEL SERVICE, INCORPORATED, MARKEL AMERICAN INSURANCE COMPANY, SPECIALTY PROGRAM GROUP LLC, and GLOBAL MARINE INSURANCE AGENCY,**<br>          **Defendants.** |

IN ADMIRALTY

**COMPLAINT**

Plaintiff Ryan Denver, for his Complaint in this action against Defendants Markel Corporation, Markel Service, Incorporated, Markel American Insurance Company, Specialty Program Group LLC, and Global Marine Insurance Agency hereby states and alleges as follows:

**JURISDICTION**

1. This action is proper in the Federal Court under Diversity of Citizenship, 28 U.S.C. § 1332. The amount in controversy herein, exclusive of interest and costs, exceeds $2,680,000.00 and is sufficient for the jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332.

2. This is also a maritime cause of action arising from a marine insurance policy, commenced in this Honorable Court pursuant to 28 U.S.C. § 1333.

3. Supplemental jurisdiction exists under 28 U.S.C. § 1367 as to Massachusetts claims.

**VENUE**

4.  Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391 because the insurance policy which is the subject of this lawsuit was sold in Massachusetts to provide marine insurance coverage for a vessel in Massachusetts, specifically located next to the insured's Massachusetts residence.  Furthermore, the subject loss occurred in Massachusetts.

**PARTIES**

5.  Plaintiff Ryan Denver resides in Boston, MA.

6.  Defendant Markel Corporation is a corporation registered in the Commonwealth of Virginia with a principal place of business located at 4521 Highwoods Parkway, Glen Allen Virginia, 23060, and its Registered Agent is C T Corporation System located at 4701 Cox Rd Ste 285, Glen Allen, VA, 23060.

7.  Defendant Markel Service, Incorporated is an insurance company registered in the Commonwealth of Virginia with a principal place of business located at 4521 Highwoods Parkway, Glen Allen Virginia, 23060, and its Registered Agent is C T Corporation System located at 4701 Cox Rd Ste 285, Glen Allen, VA, 23060.

8.  Defendant Markel American Insurance Company is an insurance company registered in the Commonwealth of Virginia with a principal place of business located at 4521 Highwoods Parkway, Glen Allen Virginia, 23060, and its Registered Agent is C T Corporation System located at 4701 Cox Rd Ste 285, Glen Allen, VA, 23060.

9.  Defendant Specialty Program Group LLC is an insurance broker and limited liability company registered in the State of Delaware with a principal place of business located at 300 N. LaSalle Street, 17th Floor, Chicago, Illinois, 60654, and its Registered Agent is CSC-

Lawyers Incorporating Service located at 2900 West Road, Suite 500, East Lansing, Michigan 48823.

10. Defendant Global Marine Insurance Agency is a division of the insurance broker and Defendant Specialty Program Group LLC with a principal place of business located at 12935 S. West Bayshore Drive, Traverse City, Michigan 49684.

## FACTS

11. On or around June 28, 2021, Mr. Denver purchased a new Pursuit Vessel, Model DC 365, built in 2021, with a Hull Identification Number of PURD5206K021 (the "Vessel").

12. Prior to his purchase, Mr. Denver applied for a marine insurance policy for his Vessel, through Defendants Global Marine Insurance Agency and Specialty Program Group LLC.

13. On or around June 25, 2021, Global Marine Insurance Agency and Specialty Program Group LLC issued an Insurance Binder to Mr. Denver for his Vessel on behalf of Markel American Insurance Company.

14. The Insurance Binder was effective from June 28, 2021, until July 28, 2021.

15. The Insurance Binder provided Hull Coverage in the amount of $680,000.00.

16. The Insurance Binder provided Protection & Indemnity Liability Coverage in the amount of $2,000,000.00.

17. The Insurance Binder was a temporary insurance contract subject to the conditions shown on the bottom of the Insurance Binder.

18. One of the aforementioned conditions, is "The Markel Helmsman Yacht Policy" (the "Policy").

19. Defendants sent The Markel Helmsman Yacht Policy to Mr. Denver on or around July 27, 2021, along with instructions to pay the premium for his insurance policy premium, in the amount of $4,842.00, online.

20. On the same day, Mr. Denver paid the premium, online, as directed.

21. On July 17, 2021, Mr. Denver was operating his Vessel with seven (7) passengers aboard when it struck Daymarker No. 5 in Boston Harbor.

22. The Vessel was damaged, and all eight (8) people onboard the Vessel subsequently entered the water, prior to the Vessel capsizing after taking on water as a result of the allision.

23. Mr. Denver and six (6) of the passengers were rescued from the water by First Responders, and one (1) of the passengers drowned.

24. On or about July 26, 2021, Mr. Denver's attorneys sent a letter to Defendants *via* email, Federal Express, and Certified Mail, notifying them of the July 17, 2021, loss and demanding that they defend and indemnify Mr. Denver with respect to the July 17, 2021, accident.

25. On or about July 27, 2021, Markel Services, Incorporated sent Mr. Denver a Reservation of Rights letter.

26. Markel Service, Incorporated's July 27, 2021 Reservation of Right Letter stated in relevant part: "MAIC[1] is reserving its rights regarding the defense and indemnification of this accident. MAIC will continue to investigate this matter under this Reservation of Rights letter."

27. Mr. Denver retained his own legal counsel as a result of not having any response from Defendants' and their apparent decision not to comply with its own Policy which created a duty to defend Mr. Denver.

[1] Defendant Markel American Insurance Company ("MAIC").

28. Mr. Denver filed an action pursuant to the Limitation of Shipowner's Liability Act, 46 U.S.C. §§ 30501-12 (2006), in the District of Massachusetts on November 12, 2021.  *See* Docket No. 1:21-cv-11841-ADB (the "Limitation Action").

29. Four (4) of the passengers filed personal injury claims against Mr. Denver in the Limitation Action.

30. The estate of the passenger who drowned filed a wrongful death claim against Mr. Denver in the Limitation Action.

31. The United States of America, on behalf of the United Stated Coast Guard, filed a claim for property damage (Daymarker No. 5) in the Limitation Action.

32. On or about November 17, 2021, Mr. Denver's attorneys notified Defendants of the Limitation Action and sent them copies of the same.

33. Defendants did not respond to the November 17, 2021 correspondence.

34. On or about December 3, 2021, Mr. Denver's attorneys sent additional correspondence to the defendants, which provided an update on the loss and notified Defendants that they were in breach of the Policy as they had yet to provide Mr. Denver with a defense in accordance with their duties under the Policy.

35. Mr. Denver's December 3, 2021 letter to the defendants also included the following:

> If this correspondence goes unanswered by you, like our last letter dated November 17, 2021 did, Mr. Denver will be following up with a demand letter under Massachusetts General Laws, Chapters 93A and 176D.

36. On December 6, 2021, Defendants responded to the letter, stating "We are reviewing same and will be back in touch soon."

37. Defendants did not communicate with Mr. Denver or his attorneys from the time they issued the July 27, 2021 Reservation of Rights, until December of 2021.

38. Defendants did not request any information from Mr. Denver from the time they issued the July 27, 2021 Reservation of Rights, until December of 2021.

39. Defendants did not provide Mr. Denver a defense from the time they issued the July 27, 2021 Reservation of Rights, until December of 2021.

40. Over a week later, Mr. Denver's attorneys were contacted by outside counsel retained by the defendants to represent them as coverage counsel.

41. On January 18, 2022, Mr. Denver received a second Reservation of Right letter from Markel, where they agreed to pay for Mr. Denver's defense, and requested that his attorneys contact the defendants' attorney by February 16, 2022, in order to schedule Mr. Denver's Examination Under Oath.

42. Defendants did not request that Mr. Denver appear for an Examination Under Oath from the time they issued the July 27, 2021 Reservation of Rights, until January 18, 2022.

43. Mr. Denver's Policy states in relevant part:

> 8. Legal Action Against Us
>
> b. With respect to coverage provided under PHYSICAL DAMAGE, no suit or action may be brought against us unless the action is brought within 12 months after the date you first have knowledge of the loss.

44. Twelve months from when Mr. Denver first had knowledge of the loss, is July 17, 2022.

45. On July 12, 2022, Mr. Denver's attorneys demanded that the Policy's Hull Coverage amount, which is covered under the 'Physical Damage' section of the Policy in the amount of $680,000.00 be tendered prior to July 17, 2022:

> This letter serves as a demand for Markel to immediately (within twenty-four [24] hours) confirm that it will tender the agreed upon hull value, of $680,000.00 within thirty (30) days. As Markel has had ample time to conduct its investigation within its own limitation period, Markel should be prepared to commit to coverage as of this time. Immediate confirmation is necessary because our client must take his steps to protect his interests within the limitations period.

46. On July 14, 2022, the defendants responded and in relevant part stated:

> Regarding the limitation period, we are open to discussing a reasonable tolling
> period. During the pendency of that period, while continuing to reserve its rights during a
> status quo on all other coverage, my client will be preparing to file a declaratory
> judgment action.

47. On July 15, 2022, the defendants requested additional records from Mr. Denver that they

purportedly now need in order to continue its investigation of Mr. Denver's claim.

**COUNT I – BREACH OF CONTRACT**

48. Plaintiff repeats and realleges paragraphs 1 through 47, inclusive, as though fully set forth

herein.'

49. Mr. Denver was at all relevant times herein, in full compliance with all the terms and

conditions of the Policy.

50. The actions of Defendants in failing to provide Mr. Denver a defense constitutes a breach of

the insurance contract.

51. The actions of Defendants in failing to provide a coverage determination on Mr. Denver's

Hull Coverage claim within the twelve (12) month limitation period constitutes a breach of

the insurance contract.

52. As a direct and proximate result of Defendants' breach of contract as alleged herein, Plaintiff

has been damaged in amount to be proven at trial together with costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment

in Plaintiff's favor against Defendants as to Count I, jointly and severally, for compensatory

damages, costs, interest, and attorneys' fees and any such further relief the Court deems just

and proper.

## COUNT II - BAD FAITH

53. Plaintiff repeats and realleges paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. The Policy imposes a duty on the insurers to act in good faith in representing and protecting the plaintiff with respect to any claim or litigation.

55. The bad faith failure of the defendants to provide a defense to Mr. Denver and to provide a coverage determination on the Physical Damage claim within the Policy's twelve (12) month limitation period were breaches and violations of their duty of good faith owed to their insured, wholly disregarded the interests of the insured, and acted solely in their own interest in failing to provide a defense and make a timely coverage decision.

56. As a direct and proximate result of Defendants' bad faith as alleged herein, Plaintiff has been damaged in amount to be proven at trial together with costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor against Defendants as to Count II, jointly and severally, for compensatory damages, costs, interest, and attorneys' fees and any such further relief the Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

57. Plaintiff repeats and realleges paragraphs 1 through 56, inclusive, as though fully set forth herein.

58. Plaintiff repeats and realleges paragraphs 1 through 46, inclusive, as though fully set forth herein.

59. Plaintiff is entitled to a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 151 that Defendants are obligated to cover Plaintiff for the alleged losses.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor against Defendants as to Count III, jointly and severally, and issue a declaratory judgment as to coverage together with an award for damages, costs, interest, and attorneys' fees and any such further relief the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED on July 15, 2022,

RYAN DENVER
By his counsel,

*/s/ Liam T. O'Connell*
David J. Farrell, Jr. (BBO #559847)
Liam T. O'Connell (BBO # 694477)
Kirby L. Aarsheim (BBO #678774)
**FARRELL SMITH O'CONNELL AARSHEIM APRANS LLP**
46 Middle Street, Second Floor
Gloucester, MA 01930
(978) 744-8918 x 18
loconnell@fsofirm.com

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify as of July 15, 2022 there have been no appearances for Defendants in this action and there is no one to serve.

*/s/ Liam T. O'Connell*
Liam T. O'Connell